IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE ROMAN CATHOLIC
ARCHDIOCESE OF ATLANTA, an
association of churches and schools,
et al.,

      Plaintiffs,

v.

KATHLEEN SEBELIUS, in her
official capacity as Secretary of the
U.S. Department of Health and
Human Services, et al.

      Defendants.

1:12-cv-3489-WSD

## OPINION AND ORDER

This matter is before the Court on Movants' Motion for Leave to File Brief as *Amici* [66] ("Motion to File *Amicus* Brief"). Also before the Court are the Applications for Admission *pro hac vice* of Jennifer Lee, Daniel Mach, and Brigitte Amiri [74, 75, 76] (the "PHV Applications").

### I.    BACKGROUND

In this action, Plaintiffs, all Roman Catholic organizations in Georgia, challenge the applicability to them of certain regulations (the "Challenged Regulations") promulgated by United States Departments of Health and Human

Services, Labor, and the Treasury (collectively, "Defendants"). Plaintiffs allege that the Challenged Regulations will require them to pay, in violation of their sincerely held religious beliefs, for abortion-inducing medications, artificial contraception, and medical sterilization procedures. Plaintiffs contend that the Challenged Regulations, thus applied, violate the Religious Freedom Restoration Act and the First Amendment. Plaintiffs also argue that the Challenged Regulations are invalid under the Administrative Procedure Act and as an unconstitutional delegation of legislative authority.

On August 19, 2013, Plaintiffs filed their Motion for Preliminary Injunction [57] seeking to enjoin Defendants from enforcing the Challenged Regulations against them. On September 23, 2013, Defendants filed their Motion to Dismiss [64] on the grounds that Plaintiffs' claims are not ripe and that Plaintiffs have failed to state claims for relief. Under the Scheduling Order [54] entered by the Court on July 25, 2013, briefing on the Motion for Preliminary Injunction and the Motion to Dismiss is now ongoing.

On September 25, 2013, the American Civil Liberties Union and the American Civil Liberties Union Foundation of Georgia (collectively, "Movants") filed their Motion to File *Amicus* Brief seeking leave to file, as *amici curiae*, a brief in opposition to Plaintiffs' Motion for Preliminary Injunction and in support of

Defendants' Motion for Summary Judgment.  With their Motion, Movants submit a proposed brief advancing two arguments: that the Challenged Regulations do not substantially burden Plaintiffs' rights to religious exercise and that exempting Plaintiffs from the Challenged Regulations would undermine gender equality.[1]

## II.    DISCUSSION

"[T]he Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level.  Nevertheless, district courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."  In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1249 n.34 (11th Cir. 2006).  "The decision whether to allow a non-party to participate as an *amicus curiae* is solely within the broad discretion of the Court."  DeJulio v. Georgia, 127 F. Supp. 2d 1274, 1284 (N.D. Ga. 2001), aff'd on other grounds, 290 F.3d 1291 (11th Cir. 2002).  District courts generally require that a person seeking *amicus curiae* status "make a showing that his participation is useful to or otherwise desirable by the court."  Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 882 n.40 (D.N.J. 2008)

---

[1] Movant's proposed brief is signed by both Georgia attorneys admitted to practice in this Court and non-Georgia attorneys who are not admitted to practice in this Court.  With the Motion to File *Amicus* Brief, the non-Georgia attorneys submitted their PHV Applications seeking admission in this matter *pro hac vice*.

(quoting Woodfin Suite Hotels, LLC v. City of Emeryville, No. , 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)).  This generally requires the would-be *amicus* to show that "a party is not represented competently or is not represented at all," that "the *amicus* has an interest in some other case that may be affected by the decision in the present case," or that "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  Jin v. Ministry of State Sec., 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting Ryan v. CFTC, 125 F.3d 1062, 1064 (7th Cir.1997)).  An *amicus*, in the Court's view, must also not disrupt the efficiency of the proceeding or disrupt the balance of opportunity for each party to present its arguments and evidence.

Movants here do not claim to have "an interest in some other case that may be affected by the decision in the present case."  See id.  Movants seek to file a brief supporting Defendants, federal entities represented by the United States Department of Justice.  There is no indication that Defendants are "not represented competently."  See id.

Movants argue that their brief should be accepted because it "will provide a unique perspective drawing on [Movants'] long history of civil rights litigation." (Movants' Mot. [66] at 5.)  Movant's proposed brief argues that the Challenged Regulations do not substantially burden Plaintiffs' rights to religious exercise and

4

that exempting Plaintiffs from the Challenged Regulations would undermine gender equality.  These arguments, however, are fully addressed in the briefs submitted by Defendants.  (See Defs.' Mem. Opp'n Pls.' Mot. Prelim. Inj. [63] at 11–21, 26–27.)  Movants' brief would add redundancy to this action and make its processing less efficient.  Movant's proposed brief is not "useful to or otherwise desirable" to the Court.  See Animal Sci. Prods., 596 F. Supp. 2d at 882 n.40.

Finally, the Court has engaged counsel for the parties on a variety of occasions to develop briefing schedules and page limitations to allow each side the time and capacity to address all of the issues that are presented in this action.  To allow an *amicus* after the briefing schedule has been discussed and agreed upon would disrupt the balance the Court has reached in consultation with the parties.  The Court concludes that Movants' Motion to File *Amicus* Brief should be denied.[2]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the American Civil Liberties Union and the American Civil Liberties Union Foundation of Georgia's Motion for Leave to File Brief as *Amici* [66] is **DENIED**.

---

[2] Because the Court denies the Motion to File *Amicus* Brief, the PHV Applications filed by Movant's non-Georgia counsel are moot and are denied on that basis.

5

**IT IS FURTHER ORDERED** that the Applications for Admission *pro hac vice* of Jennifer Lee, Daniel Mach, and Brigitte Amiri [74, 75, 76] are **DENIED AS MOOT**.

**SO ORDERED** this 16th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE